UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| In the Matter of : | |
| : | |
| CHARLES S. WEISS and WENDY WEISS,: | C.A. No. 16-529S |
| as Owners of a 2003 60' Ian Franklin S/Y : | |
| "SERENGETI", for Exoneration from or : | |
| Limitation of Liability, : | |
| : | |
| Petitioners. : | |

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Before the Court is the verified[1] Complaint for Exoneration from or Limitation of Liability (ECF No. 1). Pursuant to Fed. R. Civ. P. Supplemental Rule F, petitioners ask this Court to enjoin all lawsuits, causes of action, and claims against petitioners and their property concerning any claims and/or losses arising or resulting from a fire that occurred in the navigable waters of the United States on September 14, 2015, on Narragansett Bay in Portsmouth, Rhode Island. Specifically, the Complaint requests the issuance of an Order Restraining Suits, Approving Petitioners' Security, and Directing Issuance of Notice and the Filing of Claims (ECF No. 1-1 at 8-11).

The Complaint has been referred to me; I address it by report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). See Seldon v. Lehman Bros., Inc., No. 09–13162, 2010 WL 2351492, at *1 (E.D. Mich. May 20, 2010) ("Pursuant to 28 U.S.C. § 636(b)(1), a magistrate judge may only issue a report and recommendation regarding a request for injunctive relief.").

---

[1] On October 14, 2016, a Notice of Filing of Verification by Petitioners was filed. ECF No. 5.

For the reasons that follow, I recommend that the relief sought by petitioners in the Complaint be granted and that the Court enter the requested injunctive order.

## I. BACKGROUND

Petitioners Charles and Wendy Weiss ("petitioners") are the owners of a sixty-foot vessel known as the S/Y "Serengeti" ("the vessel"). On September 14, 2015, the vessel was unoccupied and docked at Hinckley Yacht Services in Portsmouth, Rhode Island. At approximately 5:00 a.m., the vessel caught fire and sank. Based on a valuation signed by an accredited marine surveyor attached to the Complaint, the vessel has a post-casualty constructive total loss value of $500.

The fire reportedly spread to two other vessels. On April 28, 2016, Chubb Insurance Group sent petitioners' insurance company a demand for $18,199.47 as subrogee of vessel owner Kevin Kendrick, and alleged that Petitioners were responsible for the September 14, 2015, casualty. On August 18, 2016, Hinckley Yacht Services sent petitioners' insurance company a demand to pay an invoice of $76,630.34 for services related to the casualty. The claims exceed the amount of petitioners' post-casualty interest in the vessel on the date of the fire. Petitioners are not aware of any other demands, unsatisfied liens or claims of lien, in contract or in tort or otherwise, arising from the September 14, 2015, fire, against the vessel or themselves. Petitioners assert that any claims, injuries, losses, damages or expenses arising from the fire were not due to any fault, neglect, or want of care by them; as alleged in their sworn Complaint, the fire occurred without their privity or knowledge.

## II. DISCUSSION

Under the Limitation Act, the owner of a vessel may limit his liability to the value of the vessel and pending freight for "any loss, damage, or injury by collision . . . done, occasioned, or

incurred, without the privity or knowledge of the owner." 46 U.S.C. § 30505(b).  The procedural requirements for bringing such action are found in the Fed. R. Civ. P. Supplemental Rule F for Admiralty or Maritime Claims.  See Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 448 (2001).  The owner of a vessel must bring the action in federal district court seeking exoneration from or limitation of liability "within 6 months after a claimant gives the owner written notice of a claim."  46 U.S.C. § 30511(a).  When the action is filed, the owner of the vessel

> shall . . . deposit with the court, for the benefit of claimants - (A) an amount equal to the value of the owner's interest in the vessel and pending freight, or approved security; and (B) an amount, or approved security, that the court may fix from time to time as necessary to carry out this chapter [46 U.S.C. §§ 30501 et seq.].

Id. § 30511(b)(1).  In addition to this security requirement, pursuant to Fed. R. Civ. P. Supplemental Rule F(1), the plaintiff "shall also give security for costs and, if the plaintiff elects to give security, for interest at the rate of 6 percent per annum from the date of the security." Fed. R. Civ. P. Supp. R. F(1).  Local Admiralty Rule F(1) for the District of Rhode Island requires that "[t]he amount of security for costs under Supplemental Rule F(1) shall be $1,000, and security for costs may be combined with security for value and interest unless otherwise ordered."  LAR F(1).  If a claimant wishes to challenge the sufficiency of the security "on the ground that [it is] less than the value of the plaintiff's interest in the vessel and pending freight," such claimant may, upon motion, demand that the deposited funds be increased.  Fed. R. Civ. P. Supp. R. F(7).

Once an owner has complied with Fed. R. Civ. P. Supplemental Rule F(1) and has deposited the appropriate security with the Court, "all claims and proceedings against the owner or the owner's property with respect to the matter in question shall cease."  Fed. R. Civ. P. Supp. R. F(3); 46 U.S.C. § 30511(c).  Fed. R. Civ. P. Supplemental Rule F(3) further provides the Court with the power to, upon motion by the owner seeking limitation, "enjoin the further

prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action." Fed. R. Civ. P. Supp. R. F(3). See In re Paradise Holdings, Inc., 795 F.2d 756, 761 (9th Cir. 1986) (district court has broad discretion in issuance of injunction under Fed. R. Civ. P. Supplemental Rule F(3)).  Finally, Fed. R. Civ. P. Supplemental Rule F(4) provides that the Court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their claims with the clerk and to serve them on the attorneys for the plaintiff on or before a date to be named in a notice, which shall be published in such newspaper as the Court may direct once a week for four successive weeks prior to the date fixed for the filing of claims.  In addition, not later than the day of second publication, the plaintiff must mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose.

After proper notice has been given, "the court, sitting without a jury, adjudicates the claims," and "[t]he court then determines whether the owner may limit liability."  Id.

In this case, petitioners' verified Complaint complies with the requirements of the Limitation of Liability Act and Fed. R. Civ. P. Supplemental Rule F.  They filed their claim within six months of written notice of Chubb Insurance Group's and Hinckley Yacht Services' claims for damages arising out of the fire.  See ECF No. 1.  They have asserted facts that demonstrate their lack of "privity or knowledge" of the fire, asserting a total lack of responsibility.  ECF No. 1 ¶ 6; see In re Middlesex, 132 F. Supp. 3d 233, 238 (D. Mass. 2015). They have proffered evidence that the vessel has a post-casualty constructive total loss value of $500, and, therefore, have provided security for that value, plus security for costs based on the court-approved amount set by the local rule, in the total amount of $1,500 with interest at a rate

of six percent, pursuant to Fed. R. Civ. P. Supplemental Rule F(1) and Local Admiralty Rule F(1).

Based on the foregoing, I recommend that the Court order that all lawsuits, causes of action, and claims against petitioners and their property arising or resulting from the fire on September 14, 2015, shall cease pursuant to 46 U.S.C. § 30511(c) and Fed. R. Civ. P. Supplemental Rule F(3). In addition, pursuant to Fed. R. Civ. P. Supplemental Rule F(4), I recommend that the Court direct issuance of notice to all persons asserting claims with respect to the September 14, 2015, fire.

### III.    CONCLUSION

Based on the foregoing, I recommend that the Court order as follows:

- That this Court approves the security for value and costs in the total amount of $1,500 plus six percent interest per annum, which represents (a) the $500 value of petitioners' interest in the vessel after the fire on September 14, 2015, and (b) petitioners' obligation to provide costs, in compliance with Fed. R. Civ. P. Supplemental Rule F(1) and Local Admiralty Rule F(1);

- That, pursuant to Fed. R. Civ. P. Supplemental Rule F(3), any and all lawsuits, causes of action, and claims against petitioners and their property arising out of a fire involving their vessel on or about September 14, 2015, except in this civil action, shall cease and be enjoined;

- That, pursuant to Fed. R. Civ. P. Supplemental Rule F(4) of the Federal Rules of Civil Procedure, notice shall issue to all persons asserting claims with respect to this incident admonishing them that they will be defaulted unless they file their respective claims on or before a date that is sixty days following this Court's adoption of this report and recommendation;[2] such claims shall be timely filed with the Clerk of the United States District Court for the District of Rhode Island, with a copy of such claims served on Petitioners' attorneys, James E. Mercante and Joseph R. Federici, Rubin Fiorella & Friedman LLP, 630 Third Avenue, New York, New York, 10017;

- That, pursuant to Fed. R. Civ. P. Supplemental Rule F(4), the notice shall be published in the Newport Daily News once a week for four successive weeks prior to the date fixed for filing claims, and Petitioners shall mail a copy of the

---

[2] Pursuant to Fed. R. Civ. P. Supplemental Rule F(4), the specific bar date is to be set by the District Court upon adoption of this report and recommendation.

>notice, by the day of the second publication, to every person known to have made any claims against the vessel or petitioners arising out of the fire on September 14, 2015.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
October 18, 2016